**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1554**
_____

ANNETTE CAMPBELL, Administrator of the Estate of Loyd H.
Campbell, Deceased,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. James R. Spencer, Chief
District Judge. (3:10-cv-00363-JRS-DWD)

_____

Submitted: December 16, 2011      Decided: January 9, 2012

_____

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Brenda L. Page, Alan F. Duckworth, PAGE LAW FIRM, P.C.,
Richmond, Virginia, for Appellant. Neil H. MacBride, United
States Attorney, Jonathan H. Hambrick, OFFICE OF THE UNITED
STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Annette Campbell filed a wrongful death action against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (2006), alleging that medical staff at the Veterans Affairs Medical Center ("VA Medical Center") acted negligently while providing dialysis treatment to her husband, Lyod Campbell, resulting in his death. Campbell appeals the district court's orders excluding her expert witness, dismissing her complaint, and denying her motion to alter or amend judgment. We have reviewed the record and find no reversible error. Accordingly, we affirm.

We review the district court's exclusion of a plaintiff's expert witness for an abuse of discretion. Carr v. Deeds, 453 F.3d 593, 601 (4th Cir. 2006). Rule 26(a)(2) of the Federal Rules of Civil Procedure imposes specific requirements for the disclosure of expert testimony during the discovery period. A plaintiff must disclose her expert by the date provided by a court's pretrial order. Fed. R. Civ. P. 26(a)(2)(C) (2010). In addition, an expert witness's report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all

2

other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  Thus, "the expert report should be written in a manner that reflects the testimony the expert witness is expected to give at trial."  Sharpe v. United States, 230 F.R.D. 452, 458 (E.D. Va. 2005).

Pursuant to Rule 37(c)(1), a party who fails to properly designate an expert witness as required by Rule 26(a) may not use the expert at trial, "unless the failure was substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1). The party facing sanctions carries the burden of showing that the failure to comply with Rule 26(a) was either substantially justified or harmless.  Carr, 453 F.3d at 602.  In determining whether a party's failure to properly designate an expert was "substantially justified or harmless," a court should balance: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the explanation would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.  S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).  The district

3

court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless." Id.

Campbell filed her expert designation, identifying Dr. Moffatt as her proposed expert, on December 7, 2010, five days after the deadline set forth in the district court's scheduling order. The district court found Campbell's expert report deficient, as Dr. Moffatt failed to delineate the applicable standard of care, discuss the issue of causation, explain the factual basis for his conclusions, or reveal the records that he reviewed, as required by Rule 26(a). The district court also held that Campbell failed to show her failure was "substantially justified or harmless," thereby excluding her expert witness pursuant to Rule 37(c)(1). Having excluded Campbell's only proposed expert witness, the district court granted the Government's motion for summary judgment, and denied Campbell's subsequent motion to alter or amend its judgment.

On appeal, Campbell argues that the district court erred by failing to consider less drastic sanctions, such as sanctioning her attorney. However, Campbell's argument is misplaced; as we have previously held, and as the language of Rule 37(c)(1) evidences, the Federal Rules impose an "automatic sanction" of exclusion of a party's expert witness for failure to adhere to the expert witness requirements set forth in Rule 26(a). See Southern States, 318 F.3d at 592 n.2 ("The Rule

4

37(c) advisory committee notes emphasize that the automatic sanction of exclusion provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence.") (internal quotation marks and citation omitted). Therefore, the district court did not abuse its discretion in failing to consider less drastic sanctions than exclusion of Campbell's expert witness, as Rule 37(c) requires exclusion unless the party establishes substantial justification or harmlessness.

Campbell next asserts that the district court erroneously applied the factors set forth in Southern States to determine whether Campbell's failure was "substantially justified or harmless." In an attempt to justify the deficiency of her December 7 report, Campbell argues that the Government's "hide the ball tactics" prevented her from preparing an adequate expert designation. With respect to the surprise to the defendant, Campbell asserts that, although Dr. Moffatt's December 7 report did not address the standard of care or the issue of causation, the Government could "infer" these requirements from his report. Further, Campbell argues, any surprise suffered by the Government was cured by Campbell's January 14, 2011 supplement, which included a new report from Dr. Moffatt and fifty-seven pages of exhibits.

As the district court correctly found, however, Campbell's arguments do not establish that her failure to designate an expert witness was "substantially justified or harmless." Although Campbell correctly notes the importance of her expert witness, as her medical malpractice case hinged upon his testimony, the other Southern States factors weigh against Campbell. The surprise suffered by the Government due to the deficiency of Campbell's December 7 report was great; pursuant to Rule 26(b)(4)(A), the Government could not depose Dr. Moffatt until Campbell provided an adequate expert report. At the time of the motion *in limine* hearing, trial was scheduled to begin in less than thirty days, and deposition of Campbell's expert witness had not yet occurred. As this court has previously emphasized, "A party that fails to provide [expert] disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 278-79 (4th Cir. 2005) (internal quotation marks and citation omitted). Further, although Campbell asserts that she was unable to prepare an adequate expert designation due to the Government's refusal to provide meaningful discovery responses, counsel for Campbell candidly admitted to the district court that her failure to properly designate an expert

witness in compliance with Rule 26(a) was her own mistake, not attributable to the Government's wrongdoing.

Moreover, Campbell's January 14 supplement did not serve to "cure" the deficiencies of her original report. Although Campbell did not obtain court leave to file her January 14, 2011 supplement, more than a month after the December 2, 2010 deadline, Campbell contends that her supplement was properly before the court because she was under a "continuing duty" pursuant to Fed. R. Civ. P. 26(e)(1) to supplement her December 7 report. However, Campbell miscomprehends the Federal Rules; Rule 26(e) envisions supplementation "to add additional or corrective information." Sharpe, 230 F.R.D. at 462. "To construe [Rule 26(e)] supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation." Id. Because Campbell's January 14 supplement did not simply add or correct information, but rather attempted to recast Dr. Moffatt's initial opinions so as to comply with the requirements of Rule 26(a), it does not fall within the bounds of Rule 26(e)(1). Thus, Campbell failed to establish that her failure to designate an expert witness was "substantially justified or harmless," as required by Rule 37(C)(1). Accordingly, the district court did not abuse its discretion in excluding Campbell's expert witness.

7

The district court's grant of summary judgment is reviewed de novo. Jennings v. Univ. of North Carolina, 482 F.3d 686, 694 (4th Cir. 2007) (en banc). Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks and citation omitted).

Virginia law, which governs Campbell's claim,[*] requires a plaintiff suing for medical malpractice to demonstrate: (1) the applicable standard of care; (2) breach of that standard of care; and (3) that the breach proximately caused the plaintiff's injuries. Parker v. United States, 475 F.Supp.2d 594, 598 (E.D. Va. 2007). Absent the rare case in which the alleged negligent act or omission is clearly within the common knowledge of laymen, "expert testimony is ordinarily necessary" to establish these elements. Id. (internal quotation marks and citation omitted). Without an expert witness, Campbell was unable to

---

[*] As the alleged negligence occurred in Virginia, Campbell's lawsuit is governed by Virginia law. See 18 U.S.C. § 1346(b) (indicating that FTCA claims are governed by the "law of the place where the act or omission occurred").

establish a prima facie case of medical malpractice. As there was no genuine dispute as to any material fact, the district court did not err in granting the Government summary judgment.

Finally, we review the denial of a Fed. R. Civ. P. 59 motion to alter or amend a judgment for abuse of discretion. Sloas v. CSX Transp., Inc., 616 F.3d 380, 388 (4th Cir. 2010). The district court "necessarily abuses its discretion when it makes an error of law." Id. (citing Wolfe v. Johnson, 565 F.3d 140, 160 (4th Cir. 2009)). "There are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). On appeal, Campbell fails to highlight a change in controlling law, present new evidence, or identify a clear error of law. Accordingly, we conclude that the district court did not abuse its discretion in denying Campbell's motion to alter or amend judgment.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED